IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

**BEVERLY DIANNE (PRIVETTE) MOORE,**

Plaintiff-Appellee,

Vs.

**GARY THOMAS MOORE,**

Defendant-Appellant,

FAYETTE COUNTY CHANCERY
COURT; No. 8646
THE HONORABLE DEWEY C.
WHITENTON, CHANCELLOR

C.A. No. 02A01-9610-CH-00265
*AFFIRMED*

Margaret R. Barr of Covington
For Appellee

Gary Thomas Moore, Pro Se

**FILED**

**April 10, 1997**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

_____

MEMORANDUM OPINION[1]

_____

***CRAWFORD, J.***

This appeal involves a motion to set aside an order modifying child custody. Defendant, Gary Thomas Moore (Father), appeals the trial court's order granting the Motion to Dismiss filed by plaintiff, Beverly Dianne Privette Moore (Mother), and denying his Motion for Relief Pursuant to Tenn.R.Civ.P. 60.02.

The parties were divorced by a decree entered on October, 10, 1990. The parties have two children together: Gary Dwayne Moore, born March 28, 1975, and Dennis Wesley Moore, born June 15, 1978. Although Mother was awarded temporary custody of the children pending the divorce proceedings, the final decree of divorce awarded custody to Father. In April of 1991, Mother filed a Petition to Modify Custody, alleging that Father was preparing to move out of state with the children. This petition and accompanying injunction were never served on Father. Mother then filed a "Further Petition to Modify Decree and for Writ of Attachment" in August of 1991 and served this petition by mail on the attorney who represented Father in the original divorce action. Father's attorney filed an answer to this petition on August 28, 1991. After a hearing, the court entered an order on January 29, 1992 modifying the original decree and awarding custody of the two children, then aged sixteen and thirteen, to Mother. The court also

_____

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

ordered Father to pay child support.

On February 21, 1996, Father filed a "Motion for Relief from Child Support and the Restoral of Custody." Father later filed two "amendments" to this Motion for Relief, asking the trial court to set aside the Modification Order pursuant to Tenn.R.Civ.P. 60.02 because of "extrinsic fraud" perpetrated by Mother. Mother was not represented by counsel at this time. On June 11, 1996, Father filed a Motion for Default Judgment, along with a memorandum in support of the motion. Subsequently, Father filed an amendment to his Motion for Default Judgment. After Mother obtained counsel, she filed an answer to Father's motions, a response to his Motion for Default Judgment, and a Motion to Dismiss. The trial court denied Father's Motion for Default Judgment and dismissed his Motion for Relief under Tenn.R.Civ.P. 60.02, along with his request for damages. Father appeals the trial court's decision.

Although Father presents three issues for our review on appeal, we perceive the real issue to be whether the trial court erred in dismissing his Motion for Relief premised on Rule 60.02 (2). A motion for relief pursuant to Tenn.R.Civ.P. 60.02 lies within the sound discretion of the trial court, and our review as to this issue is whether the trial court abused its discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn.1993).

Although not mentioned by either party, the record indicates that both of the parties' children had reached the age of majority by the time of the trial court's decision relevant to this appeal. Thus, it appears that Father's motion to set aside the order modifying child custody is moot.

From our review of the record, however, it appears that the trial court dismissed the motion because it was untimely filed and because it failed to state a claim upon which relief can be granted.

The motion seeks relief from the order modifying child custody on the basis of Tenn.R.Civ.P. 60.02, which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . . The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

2

Father's motion, filed on February 21, 1996, seeks relief pursuant to 60.02 (2). This was over four years after the trial court's order modifying child custody was entered on January 29, 1992. Rule 60.02 is quite explicit that a motion seeking relief because of the fraud of an adverse party must be filed within one year of the date of the order from which relief is sought. This motion was not so filed and was, therefore, untimely. Thus, the trial court correctly dismissed the motion on this basis.

The motion also states that Father seeks "damages" based upon his previous payments of child support. However, he fails to make allegations sufficient to support an award of damages and does not state a claim upon which relief can be granted. The trial court correctly dismissed the motion in all respects. Accordingly, the order of the trial court is affirmed. Costs of this appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**

3

IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

FILED

May 2, 1997

Cecil Crowson, Jr.

Appellate Court Clerk

_____

BEVERLY DIANNE (PRIVETTE)
MOORE,

     Plaintiff-Appellee,

Vs.                              C.A. No. 02A01-9610-CH-00265

GARY THOMAS MOORE,

     Defendant-Appellant,

_____

**O R D E R**
_____

Appellant's Petition to Rehear is not well-taken and is denied.

Enter this _____ day of April, 1997.

_____
**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**